**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KUBIR MAN GURUNG, | No. 13-70726 |
| Petitioner, | Agency No. A089-703-569 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 12, 2016
San Francisco, California

Before: TASHIMA and W. FLETCHER, Circuit Judges and BASTIAN,** District
Judge.

     Kubir Man Gurung entered the United States on April 27, 2007, with
authorization to remain in the United States until July 1, 2007. Gurung overstayed
his visa, and on January 6, 2009, filed an affirmative application for asylum and
withholding of removal. The IJ denied Gurung's application, and the BIA affirmed.

---

     * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     ** The Honorable Stanley Allen Bastian, District Judge for the U.S.
District Court for the Eastern District of Washington, sitting by designation.

We lack jurisdiction to review the denial of Gurung's asylum application, but remand the denial of withholding of removal for further proceedings.

To qualify as an applicant for asylum, an alien must either demonstrate by clear and convincing evidence that he filed his application within one year of the date of his arrival in the United States, or satisfy the Attorney General that "changed circumstances" materially affect his eligibility for asylum or "extraordinary circumstances" related to his delay in filing. 8 U.S.C. § 1158(a)(2)(B) and (D); *see* 8 C.F.R. § 1208.4(a)(2)-(4). Gurung concedes that he entered the United States in April 2007 and did not apply for asylum until January 2009—roughly eight months after the one-year filing deadline. The district court subsequently concluded that Gurung qualified for neither the extraordinary nor changed circumstances exception.

The Immigration and Nationality Act provides that "[n]o court shall have jurisdiction to review any determination" concerning the one-year filing deadline for asylum. 8 U.S.C. § 1158(a)(3). Since 2005, a court may review timeliness determinations involving constitutional claims or questions of law, 8 U.S.C. § 1252(a)(2)(D), including the Board's determination that an alien's failure did not qualify for an exception for extraordinary or changed circumstances where the underlying facts are not in dispute. *See Husyev v. Mukasey*, 528 F.3d 1172, 1178

(9th Cir. 2008); *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007). Because the underlying facts in this case are in dispute, we lack jurisdiction to review the one-year-deadline asylum decision.

The IJ also determined that Gurung lacked credibility, and on that basis denied withholding of removal. The BIA affirmed the IJ's credibility determination based on a finding that Gurung's testimony was contradictory, vague, and lacked the requisite corroboration. The IJ's conclusions regarding Gurung's contradictory and vague testimony failed, in our view, to meet the substantial evidence standard. Generally, rejecting only some of the IJ's reasons for an adverse credibility finding would not undermine the finding itself. *See Wang v. INS.*, 352 F.3d 1250, 1259 (9th Cir. 2003) ("[W]hether we have rejected some of the IJ's grounds for an adverse credibility finding is irrelevant.") In this case, however, the only remaining ground is Gurung's alleged failure to provide corroborative evidence.

Three cases decided after the IJ and BIA issued their opinions are applicable here: *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011); *Ai Jun Zhi v. Holder*, 751 F.3d 1088 (9th Cir. 2014); and *Lai v. Holder*, 773 F.3d 966 (9th Cir. 2014). Under *Ren*, an otherwise credible applicant must be provided with "notice and an opportunity to either produce [certain corroborative] evidence or explain why it is unavailable before [the IJ rules] that the applicant has failed in his obligation to provide

corroborative evidence and therefore failed to meet his burden of proof." 648 F.3d at 1090. *Zhi* and *Lai* extended *Ren*'s analysis to cases, like this one, in which "the IJ found the petitioner not credible; the IJ relied on the lack of corroboration as part of that 'overall credibility determination'; and, on review, we rejected each of the IJ's other reasons—besides lack of corroboration—for the adverse credibility finding." *Lai*, 773 F.3d at 976 (citation omitted).

We find that Gurung's testimony was neither contradictory nor insufficiently vague. He also lacked notice that the IJ would find his testimony less than credible, and that, for this reason, corroborative evidence would be critical to the her credibility determination. We therefore remand Gurung's case to provide Gurung an opportunity to provide the corroborating evidence the IJ believes is required.

**DENIED IN PART** and **REMANDED**.